590 A.2d 15

**COMMONWEALTH of Pennsylvania**

**v.**

**Albert C. BOATWRIGHT, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 17, 1991.

Filed April 24, 1991.

76

---

Thomas Livingston, Pittsburgh, for appellant.

Kemal A. Mericli, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before ROWLEY, President Judge, and DEL SOLE and MONTGOMERY, JJ.

ROWLEY, President Judge:

In this timely appeal of Albert C. Boatwright from the judgment of sentence of four to ten years imprisonment that was imposed following his plea of *nolo contendere* to a charge of possession with intent to deliver cocaine, 35 P.S. 780–113(a)(30), the sole claim raised by appellant is that the trial court abused its discretion in denying his pre-sentence motion to withdraw his plea. As "fair and just" reasons for withdrawal of the plea, appellant points to 1) his ignorance, at the time the plea was entered, of 18 Pa.C.S. § 7508(c), which, given the circumstances of appellant's case, bars any possibility of treatment "in lieu of criminal punishment" under 35 P.S. § 780–118 ("Act 64"); and 2) his assertion of innocence. For the reasons set forth below, we affirm the judgment of sentence.

In order to understand appellant's claim, we must consider both the relevant statutes and the procedural history of the case. As the result of an incident on November 30, 1988, appellant was arrested and charged with two counts of aggravated assault, 18 Pa.C.S. § 2702(a)(1), possession of cocaine, 35 P.S. § 780–113(a)(16), possession of cocaine with intent to deliver, 35 P.S. § 780–113(a)(30), and two violations of the Uniform Firearms Act, 18 Pa.C.S. §§ 6105, 6106. The aggravated assault charges were eventually dismissed. On November 27, 1989, appellant filed a pre-trial request for treatment under Act 64, which provides in pertinent part as follows:

(a) If a person charged with a nonviolent crime claims to be drug dependent or a drug abuser and prior to trial he requests appropriate treatment ... in lieu of criminal prosecution, a physician experienced or trained in the field of drug dependency or drug abuse shall be appointed by the court to examine, if necessary, and to review the accused's record and advise the government attorney, the accused and the court in writing setting forth that for the treatment and rehabilitation of the accused it would be preferable for the criminal charges to be held in abeyance or withdrawn in order to institute treatment for drug

dependence or for the criminal charges to be prosecuted. The government attorney shall exercise his discretion whether or not to accept the physician's recommendation.

35 P.S. § 780-118(a).

Appellant's request was considered at a guilty plea hearing held the following day. At the outset the following exchange took place among the court, the assistant district attorney, and defense counsel:

Defense Counsel: So where that leaves us is there are four remaining charges.

Court: All right.

Defense Counsel: One is possession of a firearm by a convicted felon, another is a possession of a firearm, either concealed or in a vehicle, and then there is possession of 5.9 grams of cocaine, plus possession with intent to deliver; and, in essence,—

Court: 5.9 grams under the mandatory provisions?

Defense Counsel: Yes, that is [sic]. I'm not exactly sure what that—I believe it's one year, one year minimum.

A.D.A.: But I think the guidelines call for much more than that, anyway, so.

Defense Counsel: I wasn't aware that there were mandatory provisions that applied.

A.D.A.: Like I say, the guidelines, themselves, provide for far more than that, anyways.

Court: Any offense occurring after July 7th, 1988—

Defense Counsel: 1988.

Court:—involving more than two grams, goes with the mandatory.

Defense Counsel: Okay.

N.T. at 3–4. Defense counsel then referred to the Act 64 request, which he explained as follows:

In essence, what my request would be is to have the Court rule on that request. If the ruling is such that Albert Boatwright does have a physician appointed to examine him, then we are prepared today to do a postponement and appear here scheduling a plea or further

proceedings on Act 64; and by way of alternatives, if the Court does not grant the relief that's requested here, we are prepared to plead guilty to the charges as they stand in the Information without the aggravated assault charges.

N.T. at 9. The assistant district attorney expressed the belief that Act 64 was not appropriate in appellant's case. The court then observed that "I suppose I could find the same examination by merely having a behavior examination" (N.T. at 10). When defense counsel suggested that "Act 64 provides for alternative remedy after a plea of guilty or after a finding of guilt[; t]here is the availability of seeking the same provision," the court replied, "Sure" (N.T. at 11). The court noted, however, that a firearms violation and the offense of possession with intent to deliver, "coupled together, in my opinion, do not fall within the concept of non-violent crime ..." (N.T. at 13). The court then ruled as follows:

> I'm not going to entertain the matter pre-trial. I will, however, assuming the Defendant enters a plea of guilty or is found guilty, have the Defendant examined by the Behavior Clinic post-verdict.

N.T. at 14. Defense counsel stated that "[w]e are prepared to plead guilty now" (N.T. at 14), and the court proceeded with the guilty plea colloquy. The court informed appellant that he faced a "maximum penalty [of] imprisonment for not less than five nor more than ten years" (N.T. at 17) on the possession with intent to deliver charge. Appellant acknowledged that he had truthfully completed a guilty plea colloquy form and that he had not been promised anything in exchange for his plea. When defense counsel explained that appellant wished to plead *nolo contendere* rather than guilty to the charge of possession with intent to deliver, the court questioned appellant as follows:

> You understand that a plea of nolo contendere means that you do not contest the evidence that the Commonwealth is offering, that's simply all it means, *you do not have a*

*defense to it and you do not contest it;* do you understand?

N.T. at 24; emphasis added. Appellant replied that he understood, and his pleas were accepted by the court. The following exchange subsequently took place:

Court: You want me to issue a pre-sentence report as well as a behavior report?

Defense Counsel: The provision of Act 64 is 780–118, Paragraph f, which provides: In lieu of pre-trial consideration and review post-verdict [1] and I would request that as a part of deferring sentencing allowing a pre-sentence report to be ordered and, in the meantime, have that review conducted.

N.T. at 31. The court agreed to arrange for the Behavior Clinic or a physician to conduct the requested evaluation. There followed a discussion concerning bail, in the course of which the court noted that "as to the drug charge, there, the Defendant has a minimum mandatory sentence of one year which the Court must impose and I understand ... that the guidelines would indicate that the appropriate sentence should be far more significant than that" (N.T. at 38); there was no comment from appellant or his counsel. The court set January 23, 1990 as the sentencing date.

On December 22, 1989, appellant filed a motion to withdraw his plea of *nolo contendere* to the charge of possession with intent to deliver cocaine. He maintained that it had been his goal to obtain Act 64 treatment and/or a sentence of probation conditioned upon drug treatment and that it was not until the court, at the plea hearing, referred

1. Subsection (f) provides in pertinent part as follows:
   If, after conviction, the defendant requests probation with treatment or civil commitment for treatment in lieu of criminal punishment the court may appoint a qualified physician to advise the court in writing whether it would be preferable for the purposes of treatment and rehabilitation for him to receive a suspended sentence and probation on the condition that he undergo education and treatment for drug abuse and drug dependency ... or to receive criminal incarceration.... The court shall exercise its discretion whether to accept the physician's advice.
   35 P.S. § 780–118(f).

to the one-year mandatory minimum sentence that he and his counsel learned that 18 Pa.C.S. § 7508 required such a sentence.[2]  In addition,

> it was undersigned counsel's impression that Act 64 would give the court the means to avoid the mandatory sentencing provision of 18 Pa.C.S. § 7508.  It *appears* that § 7508—at least in some circumstances—forecloses an "Act 64" disposition.

Motion to Withdraw Plea at 2.  With regard to appellant's circumstances, this statement is correct, as the following provision shows:

> (c) **Mandatory sentencing.**—There shall be no authority in any court to impose on an offender to which this section is applicable a lesser sentence than provided for herein or to place the offender on probation, parole, work release or prerelease or to suspend sentence....  Disposition under section 17 [probation without verdict] or 18 [Act 64] of The Controlled Substance, Drug, Device and Cosmetic Act shall not be available to a defendant to which this section applies.

18 Pa.C.S. § 7508(c) (footnote omitted).

The trial court considered appellant's request at a hearing on January 31, 1990.  The following exchange is pertinent:

> Defense Counsel:  ... In this case my concern is that the plea wasn't knowingly, voluntarily or intelligently made, because at the time of the plea Mr. Boatwright was not aware of his—
>
> A.D.A.:  Your Honor, may I facilitate the proceedings here?  ... The guidelines are clearly in excess of the mandatory one year.
>
> Court: They certainly are.
>
> .     .     .     .     .
>
> Court:  My recollection is that the defendant was informed of the mandatory minimum by the Court.

---

**2.**  18 Pa.C.S. § 7508(a)(3)(i) provides that a first conviction of possession with intent to deliver at least 2.0 grams and less than 10 grams of cocaine is punishable by a mandatory minimum term of imprisonment of one year.

> Defense Counsel: No question, that's when he was informed, but at that stage it was midstream during a plea colloquy assessing the relative merits of—
>
> Court: Had you discussed it, the guidelines?
>
> Defense Counsel: Yes. So, in terms of the guidelines ... my position there is it's clear, ... the minimum exceeds one year by some significant point.

N.T. at 4–5. The court reached the following conclusion:

> You sat down and explained to [appellant] what the guidelines were and what the range of sentences were, and the range of sentence in this case far exceeds whatever mandatory minimum there would be in the case. In fact, the bottom end of the mitigated range more than triples the minimum sentence. Based upon that the Court does not find it appropriate to permit leave to withdraw the guilty plea, and the motion will be denied.

N.T. at 9.

The Commonwealth contends on appeal that appellant has waived his claim by failing to raise it in a post-sentence motion as required by Pa.R.Crim.P. 321. In a reply brief appellant asserts that he was not sufficiently informed by the trial court at the close of the plea hearing that he was required to do so or, alternatively, that his failure to do so is excused by the extraordinary circumstance of counsel's ineffectiveness.[3] As the trial court has addressed appellant's claim on its merits, we will do so also.

■ However, we do not find appellant's claim to be meritorious. Appellant's argument, as we understand it, is that although he was made aware during the course of the plea colloquy that the charge of possession with intent to deliver entailed a mandatory minimum sentence, he was not made aware that 18 Pa.C.S. § 7508(c) precluded any possibility of Act 64 disposition on such a charge. In fact, appellant contends, the trial court was also mistaken on this point and, by promising to schedule an examination, misled

---

**3.** Appellant's counsel at the guilty plea proceeding continues to represent him on appeal, and appellant has not challenged his effectiveness generally.

him into believing that he would remain eligible for an Act 64 disposition. Appellant avers that he would not have pled to the charge if he had known of the significance of § 7508(c).

Although "[t]he withdrawal of a guilty plea prior to sentencing should be freely permitted for any fair and just reason unless such an allowance substantially prejudices the prosecution," *Commonwealth v. Jones*, 389 Pa.Super. 159, 162, 566 A.2d 893, 894 (1989), *alloc. denied*, 525 Pa. 632, 578 A.2d 926 (1990), there is no absolute right to withdraw such a plea, *Commonwealth v. Cole*, 387 Pa.Super. 328, 331, 564 A.2d 203, 204 (1989) (en banc) [quoting *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973) ], and we will not disturb the trial court's decision in such a matter* absent an abuse of discretion, *Commonwealth v. Jones*, 389 Pa.Super. at 162, 566 A.2d at 894–95. In terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea. *Commonwealth v. Jackson*, 376 Pa.Super. 433, 546 A.2d 105, 107 (1988). The record in the present case, which we have carefully examined, does not indicate that an abuse of discretion has occurred. Before appellant entered his plea, his counsel informed the court that "if the Court does not grant the relief that's requested here, we are prepared to plead guilty to the charges ..." (N.T. at 9). This statement suggests that appellant's decision to plead to the charges was not dependent upon the likelihood of obtaining an Act 64 disposition. In addition, by expressing its intention to have appellant examined by the Behavior Clinic after the verdict, "assuming the Defendant enters a plea of guilty or is found guilty" (N.T. at 14), the court informed appellant that he would not lose the chance for such an examination by deciding to go to trial.

Moreover, leaving aside the fact that an Act 64 disposition was barred by statute, there is no indication in the record that the trial court would have been inclined to grant such a disposition. To the contrary, the trial court informed appellant, before he entered his pleas, that his case did not

appear to be an appropriate one for Act 64 disposition. It is undisputed that defense counsel discussed the possible range of sentences with appellant, and, as the Commonwealth notes in its brief on appeal, the minimum *mitigated* sentence under the guidelines was three years and nine months, which "dwarfs the mandatory minimum ..." (Brief for Appellee at 8). Finally, Act 64 leaves the decision whether to accept the physician's recommendation of treatment to the discretion of the district attorney in the case of a pre-trial request and to the discretion of the trial court in the case of a post-trial request. We agree with the Commonwealth that "[u]nder these circumstances, the fact that appellant entertained what could be nothing more than a vain hope of Act 64 treatment when it was nevertheless totally unwarranted and precluded under the law cannot be viewed as a 'fair and just' reason to permit pre-sentence withdrawal" of the plea (Brief for Appellee at 8–9; footnote omitted).

█ Appellant also contends that his assertion of innocence is a fair and just reason to permit withdrawal of the plea. This Court has held that "an assertion of innocence may constitute a fair and just reason for the pre-sentence withdrawal of a guilty plea." *Commonwealth v. Cole*, 387 Pa.Super. at 333, 564 A.2d at 205. As the Commonwealth points out, however, neither in his motion to withdraw the plea nor at the hearing on the motion did appellant, through his counsel, assert his innocence as a reason for wishing to withdraw the plea. In fact, counsel for appellant stated at the hearing that appellant "would not dispute the fact the evidence would be sufficient to prove the charge ..." (N.T. at 2). Moreover, appellant's assertion in this appeal that he has a defense to the charge of possession with intent to deliver contradicts his admission during the plea colloquy that he had no defense. Accordingly, this argument, like the first, is without merit.

Judgment of sentence affirmed.