606 A.2d 946

**COMMONWEALTH of Pennsylvania**

v.

**Anthony A. RISH, Appellant.**

Superior Court of Pennsylvania.

Submitted March 24, 1992.

Filed April 28, 1992.

Neil O'Donnell, Pittston, for appellant.

Francis Sempa, Deputy Atty. Gen., Jerome L. Cohen, Dist. Atty., Wilkes–Barre, for Com., appellee.

Before McEWEN, MONTEMURO and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for corrupt organization, conspiracy, possession with intent to deliver a controlled substance and delivery of a controlled substance. Appellant, Anthony A. Rish, presents the following issues on appeal:

1. Whether the lower court erred in denying appellant's motion to withdraw his guilty plea.

2. Whether the sentence imposed by the lower court upon the appellant constitutes an abuse of discretion.

Appellant's brief at 2. For the following reasons, we vacate the judgment of sentence and remand for proceedings consistent with this opinion.

On September 7, 1990 appellant pled guilty to charges of corrupt organizations,[1] criminal conspiracy,[2] three counts of delivery of a controlled substance[3] and three counts of possession with intent to deliver.[4] Appellant then filed a *pro se* motion to withdraw his guilty plea. That motion was denied. Appellant was then sentenced to an aggregate term of imprisonment of sixty-to-one-hundred-and-forty-four-months, and ordered to pay $16,000 in fines and $4,400 in restitution. After sentencing, defense counsel did not renew the motion to withdraw the guilty plea. A timely motion to modify sentence was filed and denied and this timely appeal followed.

Appellant's first contention is that the trial court erred by not granting his pre-sentence motion to withdraw his guilty plea.[5]

1. 18 Pa.C.S.A. § 911(b)(3).

2. 18 Pa.C.S.A. § 903.

3. 35 Pa.S.A. § 780–113(a)(30).

4. 35 Pa.S.A. § 780–113(a)(30).

5. A denial of a pre-sentence motion to withdraw a guilty plea is not appealable unless it has first been challenged post-sentence pursuant to Pa.R.Crim.P. § 321. Appellant failed to file a post-sentence motion challenging his guilty plea; however, it does not appear that the

Rule 320 of the Pennsylvania Rules of Criminal Procedure governs the withdrawal of guilty pleas and provides as follows:

> At any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted.

Rule 320 Pa.R.Crim.P. A trial court's decision as to whether to allow a guilty plea to be withdrawn will not be disturbed absent an abuse of discretion. *Commonwealth v. Boatwright,* 404 Pa.Super. 75, 82–83, 590 A.2d 15, 19 (1991); *Commonwealth v. Jones,* 389 Pa.Super. 159, 162, 566 A.2d 893, 894 (1989), *alloc. denied,* 525 Pa. 632, 578 A.2d 926 (1990).

> The present standard for determining whether a defendant before his sentence can withdraw a guilty plea was first articulated in 1973 in the seminal case *Commonwealth v. Forbes,* [450 Pa. 185, 299 A.2d 268 (1973)]. A request to withdraw a guilty plea has to meet both prongs of the following two-part test. First, a withdrawal cannot be granted if to do so would substantially prejudice the prosecution. *Commonwealth v. Anthony,* 504 Pa. 551, 561, 475 A.2d 1303, 1308–1309 (1984); *Forbes, supra,* 450 Pa. at 191, 299 A.2d at 271. Second, a withdrawal request made prior to sentencing should be granted for any "fair and just" reason. *Anthony, supra,* 504 Pa. at 561, 475 A.2d at 1308–1309; *Forbes, supra,* 450 Pa. at 192, 299 A.2d at 271.... We have found that where no prejudice exists to the Commonwealth, a defendant does not have to articulate a very substantial "fair and just" reason for us to find that a trial court erred in failing to grant a defendant's request to withdraw his plea before sentencing. *Commonwealth v. Reider,* 255 Pa.Super. 163, 165–166, 386 A.2d 559, 560 (1978).

sentencing court advised him of his right to do so. Consequently, this claim is not waived. *See* Pa.R.Crim.P. § 1405(c)(2); *Commonwealth v. Cavanaugh,* 500 Pa. 313, 315, 456 A.2d 145, 147 (1983) (a defendant's failure to file a Rule 321(a) motion waives claims which should have been raised in the motion, provided that the court informed the defendant of his right to file post-verdict motions or a motion to withdraw the plea).

*Commonwealth v. Turiano*, 411 Pa.Super. 391, 601 A.2d 846, 849–850 (1992). Under the standard set out by the court in *Commonwealth v. Forbes*, 450 Pa. 185, 191–192, 299 A.2d 268, 272 (1973) the mere assertion of innocence constitutes a "fair and just" reason to allow withdrawal of a guilty plea prior to sentencing.

In the instant case the Commonwealth does not assert that any prejudice would result from allowing a withdrawal of appellant's guilty plea. Appellant has not been privy to any trial testimony, has achieved no strategic leverage and has gained no insight into the prosecution of this case. The Commonwealth is in the same position now as it was when appellant pled guilty in September of 1990.

█ In addition, appellant sets forth a "fair and just" reason for wanting to withdraw his guilty plea. In appellant's motion to withdraw his guilty plea he states:

I am not guilty of the offense charged and I do hereby state that said plea was entered at a time at which I was under extreme personal pressures that affected my rational thinking and as such the plea of guilty was not tendered of my rational and voluntary action.... For that reason I state[:] The guilty plea is not truthful and not of my own free will and I wish to withdraw said plea and plead NOT GUILTY.

Appellant's Motion To Withdraw Guilty Plea. Under the *Forbes* standard appellant's request to withdraw his guilty plea prior to sentencing should have been granted and the trial court erred by refusing to grant it. In addition, when the trial judge received appellant's motion to withdraw his guilty plea he summarily rejected it without any inquiry into appellant's reasons for withdrawal. When a defendant petitions the court to withdraw a guilty plea, the court, at a minimum, should inquire into the reasons for the withdrawal. *See Commonwealth v. Hines*, 496 Pa. 555, 567, 437 A.2d 1180, 1186 (1981) (the court should inquire as to the reasons for withdrawal). Consequently, we must reverse and vacate the judgment of sentence of the trial court,

direct that the guilty plea be withdrawn and remand for further proceedings.[6]

Because of our disposition of appellant's first claim we need not address appellant's remaining claims.

Judgment of sentence reversed, remanded with directive that the guilty plea be withdrawn. Jurisdiction is relinquished.

McEWEN, J. files a concurring statement.

McEWEN, Judge, concurring:

The esteemed author of the majority view quite aptly expresses the principles which presently prevail and require this Court to conclude that appellant must be permitted to withdraw his guilty plea. I write but to echo my conviction that a bald assertion of innocence should not by itself constitute fair and just reason for allowing appellant to withdraw a guilty plea prior to sentencing but, instead, that:

> a pre-sentence assertion of innocence may compose the required "fair and just reason" provided that the totality of circumstances reflected by the record does not establish otherwise.

**6.** We note that we are in agreement with many of our colleagues who have expressed dissatisfaction with the standard set out in *Forbes*. The developments in the guilty plea colloquy have successfully fulfilled the policy concerns underlying *Forbes*. The court in *Forbes* asserted that the liberal rule for withdrawal of a guilty plea before sentencing is consistent with the efficient administration of justice because it reduces the number of appeals contesting whether the plea was knowing and voluntary. *Commonwealth v. Forbes*, 450 Pa. 185, 191, 299 A.2d 268, 271 (1973). However, An extensive colloquy is more effective in conserving judicial resources than the *Forbes* standard. We agree with *Commonwealth v. Turiano*, 411 Pa.Super. 391, 601 A.2d 846, 852 (1992) that a guilty plea colloquy ensures that a criminal defendant understands the significance of the constitutional rights he is waiving. *See also Commonwealth v. Jones*, 389 Pa.Super. 159, 164, 566 A.2d 893, 895 (1989), *alloc. denied*, 525 Pa. 632, 578 A.2d 926 (1990) (emphasizes importance of colloquy); *Commonwealth v. Ortiz*, 334 Pa.Super. 117, 121–123, 482 A.2d 1110, 1111–1113 (1984) (Dissenting Opinion by McEWEN, J.) (noting that guilty plea colloquy displayed voluntariness of plea). However, as *Forbes* is still the law of this Commonwealth, we are constrained to follow it.

*Commonwealth v. Cole*, 387 Pa.Super. 328, 338–39, 564 A.2d 203, 208 (1989) (Concurring Opinion by McEwen, J.). Such a standard would more wisely serve reason, not to mention the citizenry, without intruding upon the fundamental rights of those defendants who present a valid basis for withdrawal.