J-A23044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| STEWART HINTON IV | : | |
| Appellant | : | No. 355 WDA 2025 |

Appeal from the PCRA Order Entered February 26, 2025
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0001903-2023

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| STEWART HINTON IV | : | |
| Appellant | : | No. 356 WDA 2025 |

Appeal from the PCRA Order Entered February 26, 2025
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0000893-2023

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: November 12, 2025**

In these consolidated appeals, Stewart Hinton IV, (hereinafter, Appellant), appeals from the order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant maintains that his guilty pleas were not knowingly, intelligently, and voluntarily entered because he was promised that his sentence would be served in boot camp, for which he is not eligible. However, Appellant has waived review of this claim

by not providing this Court with a complete record on appeal. Moreover, even if preserved, we would conclude that his claim is wholly without merit. Accordingly, we affirm the denial of post-conviction relief.

The PCRA court provided the following summary of the facts of this case:

[Appellant] was charged with several offenses due to his alleged participation in organized criminal activity involving multiple catalytic converter thefts between November 1, 2022, and January 21, 2023.

On November 23, 20[23], a Pre-Trial Conference was held at the above-numbered cases.[1] The cases were rescheduled for guilty pleas before this [c]ourt on December 14, 2023. In the interim, the parties were going to confer regarding [Appellant's] boot camp eligibility.

Thereafter, the Westmoreland County Clerk of Courts received a *pro se* letter from [Appellant] that was filed of record on December 8, 2023. In that letter[, Appellant] indicated that he was ready to take the "3-to-6 year sentence with boot camp **recommendation**." **See** Court Exhibit 1 (emphasis added).

On December 14, 2023, [Appellant] entered a negotiated plea wherein he pled guilty to Corrupt Organizations, Conspiracy, Theft by Unlawful Taking, Receiving Stolen Property, Criminal Mischief, and Criminal Use of a Communication Facility.[2] He was sentenced to 3 to 10 years of incarceration at the Department of Corrections.[3]

_____

[1] While this pre-trial conference is not indicated in the docket entries for this case, a copy of a transcript for this proceeding has been provided in the certified record on appeal.

[2] 18 Pa.C.S. §§ 911(b)(2), 911(b)(3), 911(b)(4), 903, 3921(a), 3925(a), 3304(a)(5), and 7512(a), respectively.

[3] On February 12, 2024, after recognizing that certain of Appellant's convictions were for felonies of the third degree, with a maximum possible
*(Footnote Continued Next Page)*

Prior to [Appellant's] entering his guilty plea, the following discussion occurred on the record regarding boot camp:

> [DEFENSE COUNSEL]: … And, Your Honor, I understand that you can't make a determination of his eligibility for boot camp, but we just want to put on the record, and we would ask that you put on the order[,] that he would like to be evaluated for eligibility for the boot camp program.
>
> THE COURT: And there's no objection to state programming?
>
> [PROSECUTOR]: I have no legal basis to object.
>
> THE COURT: Okay. So, you would be evaluated for all of the state treatment programs, okay?

[N.T. Sentencing, 12/14/23, at 4.] Boot camp was not otherwise part of the terms of the plea agreement. [Appellant] did not file a direct appeal.

Subsequently, on December 12, 2024, [Appellant] filed a [counseled] PCRA petition wherein he claimed that his guilty pleas were unlawfully induced because he was promised boot camp by his attorney in return for his guilty pleas. (PCRA [P]etition, [12/12/24], at 6-7).

A PCRA evidentiary hearing was held before this [c]ourt on February 14, 2025. During that hearing, [Appellant] testified regarding his belief that he was eligible for the boot camp program based on representations that were made by his prior [a]ttorney, Patrice DiPietro[, Esq.] (hereinafter, "Attorney DiPietro"). [Appellant] additionally asserted that he was innocent at both of his cases. He also stated that he learned at SCI Camp Hill that he was not eligible for boot camp or any other programs, and he would have gone to trial had he known that he was not eligible for boot camp.

Additionally, Attorney DiPietro testified regarding her

_____

sentence of 7 years, the trial court amended Appellant's sentence to reflect that the sentences imposed on each of Appellant's third-degree felony convictions was 3 to 7 years of incarceration. Because all of Appellant's sentences were imposed to run concurrently, his aggregate sentence remained 3 to 10 years' imprisonment.

representation of [Appellant,] and [claimed] that she never promised or guaranteed [Appellant] that he would be eligible and/or accepted into the boot camp program upon entry of his guilty plea.

PCRA Court Opinion and Order (PCOO), 2/26/25, at 1-3 (footnotes omitted).

The PCRA court denied Appellant's PCRA petition on February 26, 2025.[4] Appellant filed a timely notice of appeal on March 25, 2025. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises a single issue on appeal, which we reproduce *verbatim* below:

Whether the trial court erred in finding that Appellant's PCRA claim is without merit when Appellant's guilty pleas were Unlawfully Induced because but for the discussions and promises made by his counsel and the ADA on November 23, 2023 and December 14, 2023 regarding BOOT-CAMP, Appellant would not have agreed to plead guilty?

Brief for Appellant at 4.

"We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." *Commonwealth v. Min*, 320 A.3d 727, 730 (Pa. Super. 2024) (citation omitted). The scope of our review is "limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to

_____

[4] Although the PCRA court's opinion and order is dated February 24, 2025, it was not filed in the certified record until February 26, 2025. We use the latter date for timeliness purposes. *See* Pa.R.A.P. 108(a) (providing that the day that an order of court is entered "shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties"). *See also Commonwealth v. Nicoletti*, 328 A.3d 85, 89 (Pa. Super. 2024), *rearg. denied* (Jan. 14, 2025), *appeal denied*, No. 49 EAL 2025 (Pa. Aug. 26, 2025) (noting that "no order of a court shall be appealable until it has been entered upon the appropriate docket in the trial court").

the prevailing party at the trial level." ***Commonwealth v. Hanible***, 30 A.3d 426, 438 (Pa. 2011) (citation omitted). We defer to the factual findings of the post-conviction court, which was tasked with hearing the evidence and assessing witness credibility. ***Commonwealth v. Johnson***, 289 A.3d 959, 979 (Pa. 2023). The PCRA court's legal determinations, however, are subject to plenary review. ***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa. Super. 2012).

To be entitled to PCRA relief, a petitioner must establish the applicability of one or more of the enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2). ***Hanible***, 30 A.3d at 438. Here, Appellant argues that his guilty plea was unlawfully induced by counsel's promise that he would serve his sentence in boot camp. Unlawful inducement of a guilty plea in some circumstances is one of the claims enumerated in the PCRA. 42 Pa.C.S. § 9543(a)(2)(iii) (explaining that PCRA relief is available in those situations where a guilty plea was "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent"). To bring a claim under this section, a petitioner must plead and prove both that he was innocent of the charges as to which he pleaded guilty and that he was unlawfully induced to enter his plea. ***Commonwealth v. Vazquez***, No. 653 MDA 2019, unpublished memorandum at *7 (Pa. Super. filed June 12, 2020).[5]

---

[5] Unpublished Superior Court memorandum decisions filed after May 1, 2019, may be cited for their persuasive value. Pa.R.A.P. 126(b).

Moreover, when a defendant enters a guilty plea on the advice of counsel, the voluntary and knowing nature of his plea turns on whether counsel's advice fell within the ambit of competence demanded by attorneys in criminal cases. *See Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa. Super. 2010). Finally, we acknowledge the following about the solemnity of the guilty plea procedure:

> A guilty plea is not a ceremony of innocence, it is an occasion when one offers a confession of guilt. The defendant is before the court to acknowledge facts that he is instructed constitute a crime. He is then to voluntarily say what he knows occurred, whether the Commonwealth would prove them or not, and that he will accept their legal meaning and their legal consequence. A criminal defendant who elects to plead guilty has a duty to answer questions truthfully.

*Commonwealth v. Cole*, 564 A.2d 203, 206 (Pa. Super. 1989) (cleaned up). The law presumes that a defendant who enters a guilty plea was aware of what he was doing. *Commonwealth v. Gabra*, 336 A.3d 1052, 1057 (Pa. Super. 2025) (citation omitted).

Initially, we conclude that Appellant has waived appellate review of his claim that his guilty plea was unlawfully induced by failing to include the transcript from the PCRA hearing in the certified record. After noting that the transcript was missing, our Court's prothonotary made informal inquiries with the clerk of courts and discovered that no transcript had even been ordered of that proceeding. The failure to provide all necessary materials for an appeal will result in waiver of an appellant's claim. *See, e.g.*, *Commonwealth v. Midgley*, 289 A.3d 1111, 1120 (Pa. Super. 2023) (noting the appellant's duty

J-A23044-25

to ensure that the certified record is complete, and that the failure to carry out that duty results in waiver of any claim related to the missing materials). The lack of this important transcript hampers our review of Appellant's claim. Thus, his issue is waived.

Moreover, even if it had not been waived, Appellant would not be entitled to relief on this issue. In analyzing the claim, the PCRA court stated:

> Here, [Appellant] failed to plead and prove by a preponderance of the evidence that his guilty plea was unlawfully induced where the circumstances made it likely that the inducement caused him to plead guilty and he is innocent. [Appellant] claimed that the unlawful 'inducement' was the promise of receiving boot camp instead of prison. However, the record clearly reflects that [Appellant] was never promised boot camp as part of his plea agreement. Rather, he was to be evaluated for his eligibility for boot camp and any other state treatment programs with no objection from the Commonwealth. This [c]ourt finds the testimony of [defense counsel] to be credible. Her testimony demonstrates that [Appellant] was never promised or guaranteed eligibility or acceptance into the boot camp program upon entry of his guilty plea. Additionally, the letter that was written by [Appellant] reflects his knowledge that he was pleading guilty with a boot camp 'recommendation' rather than a promise.[6] The plea agreement set forth in [Appellant's written] guilty plea [colloquy] further evidences [Appellant's] understanding that he was going to be sentenced to 3 to 10 years at the State Correctional Institut[ion]. [Appellant] did not present any evidence to show that he was not actually accepted into the boot camp program. Furthermore, [Appellant] failed to provide any other evidence or explanation of his innocence, other than merely asserting that he is innocent at both cases. *See Commonwealth v. Vazquez*, 237 A.3d 1055, [2020 WL 3125325,] at *7 (Pa. Super. [filed June 12,] 2020) (non-precedential decision) (holding that there was no merit to the defendant's claim that his attorney unlawfully induced

---

[6] This is a reference to the letter Appellant sent to the court, which the court attached to its Rule 1925(a) opinion, in which Appellant stated that he "was ready to take the 3 to 6 year sentence with boot camp recommendation."

- 7 -

him to plead guilty where he did not offer any evidence at the PCRA hearing to prove his innocence other than asserting he was not guilty of the charges)[;] and ***Commonwealth v. Meletiche***, [224 A.3d 800,] 2019 WL 6331236, at *3 (Pa. Super. [filed Nov. 26,] 2019) (non-precedential decision) ("We also note that Meletiche's innocence claim is confined to two sentences in which he baldly claims that the charges against him were based on 'conjecture and speculation.' [] Besides this claim being contradicted by his admission to guilt during the colloquy, it is insufficient to support a claim under 42 Pa.C.S. § 9543(a)(2)(iii)."). For all these reasons, [Appellant's] claim under [the PCRA] is without merit.

PCOO at 5-6.[7]

Based on the record before us, we would find no error in the PCRA court's analysis. Appellant's claim is wholly without merit for several reasons, but primarily because there is no evidence that he was made a ***promise*** of receiving boot camp or that his admission into the boot camp program was a ***condition*** of his plea. At the pre-trial conference conducted on November 23, 2023, the parties discussed the possibility of boot camp, and the prosecutor stated that he needed to research whether Appellant would qualify for the program. This is hardly a promise of boot camp. Then, Appellant

_____

[7] The PCRA court also noted that the post-conviction petition filed by Appellant referred to standards related to the ineffective assistance of counsel and, thus, in an abundance of caution, it analyzed Appellant's claim under the guise of ineffectiveness. However, Appellant's petition fails to state the standards used in evaluating claims of counsel's ineffectiveness, analyze his situation according to those standards, or actually assert that counsel was ineffective. Rather, the petition includes only the following statements related to ineffectiveness claims: "The law presumes that counsel was effective. The burden is on the Petitioner/Defendant to establish ineffectiveness." PCRA Petition, 12/12/24 at ¶ 24. These two sentences do not properly assert a claim of ineffective assistance of counsel. Moreover, Appellant does not assert any ineffectiveness claim in his brief on appeal, thus waiving it for our review, even had he properly raised an ineffectiveness claim below.

wrote to the trial court indicating that he agreed with the Commonwealth's plea offer of a 3 to 6 year[8] prison sentence "with boot camp recommendation," indicating that he was aware that being sentenced to boot camp was not a guarantee. *See* Court Exhibit 1 attached to PCOO. At the plea hearing, Appellant's counsel stated to the court, "I understand that you can't make a determination of his eligibility for boot camp," but asked the court to make a recommendation for it nonetheless in the sentencing order. N.T. Sentencing at 4. Thus, Appellant should have noticed through this exchange that boot camp was a *recommendation*, not a promise.

We further note that the PCRA court specifically found that Appellant's plea counsel was credible at the PCRA hearing when she testified that she had never promised or guaranteed that Appellant would be eligible for, or accepted into, the boot camp program. PCOO at 5. On review, this Court would be bound by the credibility decisions of the PCRA court which are supported by the record.

If Appellant believed at the guilty plea hearing that his eligibility in the boot camp program was not just a recommendation, but a critical component of his sentence, he should have spoken up at that time. In the alternative, he could have filed a post-sentence motion to withdraw his guilty plea within 10

---

[8] Although Appellant states he would accept a 3 to 6 year sentence, that was not offered at his plea hearing; instead, the sentence asked for and agreed to was 3 to 10 years of incarceration. Appellant does not challenge the voluntariness of his plea based on the length of the sentence of incarceration he received in this appeal.

days of his sentencing hearing when he realized that his sentence did not direct that he be admitted into that program. He did not. The failure to object during the plea hearing when the boot camp program was merely *recommended* on the record, or to timely raise the claim in a post-sentence motion, generally constitutes waiver of the issue. *See Commonwealth v. Muhammad*, 794 A.2d 378 (Pa. Super. 2002).

Finally, Appellant has not sufficiently alleged his innocence as required under the PCRA. As this Court previously noted, "a mere assertion of innocence may not be considered by a reviewing court to be alone a fair and just reason for withdrawal" of a guilty plea. *Commonwealth v. Iseley*, 615 A.2d 408, 415 (Pa. Super. 1992). Appellant has never demonstrated, either via testimony or documentation in the certified record, any facts to support his bald assertion of innocence. This would also defeat Appellant's claim. *See Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015) (stating that a petitioner must demonstrate that, under the circumstances, his presentence request to withdraw his guilty plea "would promote fairness and justice").

In conclusion, we reiterate that Appellant has waived his claim that his guilty plea was unlawfully induced by failing to provide a complete record for appeal. Moreover, even had he preserved this claim for our review, we would have found that Appellant failed to establish that his guilty plea was unlawfully induced by a promise that he would serve his sentence in boot camp. No such

promise has been established. Further, Appellant has not demonstrated his innocence of the charges. Accordingly, Appellant is not entitled to PCRA relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/12/2025