**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**William WALKER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 6, 2011.

Filed Aug. 4, 2011.

---

J. Matthew Wolfe, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: BENDER, OLSON and PLATT *, JJ.

OPINION BY BENDER, J.:

Appellant, William Walker, appeals from the judgment of sentence of 42 to 84 months' imprisonment and a concurrent term of 10 years' probation, imposed after he pled guilty but mentally ill to aggravated harassment by a prisoner and two counts of aggravated assault. Appellant avers that the trial court erred in denying his presentence motion to withdraw his plea. We affirm.

The facts and procedural history of this case, as summarized from the trial court's Pa.R.A.P. 1925(a) opinion, are that on May 11, 2007, Appellant pled guilty to aggravated harassment by a prisoner. Sentencing in that case, docketed at CP–51–CR–0001527–2007, was deferred until June 28, 2007. On that date, Appellant entered a guilty plea in three additional cases (CP–

---

* Retired Senior Judge assigned to the Superior Court.

51–CR–0001492–2007, CP–51–CR–1206821–2005, and CP–51–CR–0901661–2006) to two counts of aggravated assault and one count of aggravated harassment by a prisoner. All four of Appellant's cases were consolidated at that hearing. Additionally, at the request of Appellant's attorney, Nino Tinari, Esquire, sentencing for Appellant's crimes was continued until July 31, 2007.

At that sentencing hearing, however, Attorney Tinari orally moved for Appellant's guilty plea to be withdrawn and changed to a plea of "guilty but mentally ill." The trial court granted this motion after informing Appellant "of the significance and consequences of the plea change and becoming satisfied that [Appellant] understood the significance of his waiver of [his right to proceed to] trial and the potential for involuntary mental health inpatient hospitalization." Trial Court Opinion (T.C.O.), 8/17/10, at 3. Again, at the request of Attorney Tinari, sentencing was deferred until September 25, 2007.

Prior to that date, on September 12, 2007, Appellant filed a written motion to withdraw his guilty but mentally ill plea. On October 17, 2007, a hearing was conducted, during which Appellant clarified that he only sought to withdraw his plea for the two counts of aggravated assault. *See* N.T. Hearing, 10/17/07, at 5. When the court questioned Appellant as to why he wished to withdraw his guilty plea to these offenses, the following exchange occurred:

> [Appellant]: Good afternoon, Your Honor. I really do think that [the Commonwealth has] sufficient evidence to prove my innocence, and I have not been involved in any drugs or alcohol—and that I believe that the [Commonwealth] has a tape of a video camera to prove that I'm innocent.
>
> [The Court]: Where do you have that basis from?

> [Appellant]: Because on the unit that I'm housed on—that I'm housed in—one of these incidents that happened, there's cameras on this unit and they point directly to the officer's equipment, to have those cameras monitored, and the evidence would be on the camera.
>
> [The Court]: All right, [Attorney] Tinari, what do you know about this?
>
> [Attorney Tinari]: Your Honor, among the discovery received, Your Honor, there wasn't any verbalization of any video that they claimed that they have, in response to the Commonwealth giving us all that they had.
>
> [The Court]: Ok. Commonwealth, what's your position on that?
>
> [The Commonwealth]: Your Honor, respectfully, we have no such video, and this is a matter from 2005. Even if there had been a video at the time, I highly doubt that it's still in existence. Further, Your Honor, this is the first time any mention of the video has been made to the Commonwealth and we would just like the [c]ourt to consider that before the open plea on June 28, of this year, there were no less than 20 listings, at which time, the Commonwealth was ready at every single listing except one.

> . . .

> [The Court]: I'm not worried about the amount of listings. This is an issue about the existence of a videotape that he feels would prove his innocence, and you're telling me that there is no such videotape?
>
> [The Commonwealth]: It's my understanding, there is no videotape. We have no videotape in our file. In all of the documentation that we have, there is absolutely no mention of a video. And it's my understanding that even if there had been at the time, from 2005, being

that we're now almost in 2008, I'm sure it has been taped over or has been recorded as is customary with surveillance. *Id.* at 8–10.

After this discussion, the trial court denied Appellant's motion to withdraw his guilty but mentally ill plea for the crimes of aggravated assault. It then sentenced Appellant to 42 to 84 months' incarceration, with ten years' probation to run concurrently thereto. Appellant filed a timely notice of appeal. Additionally, Attorney Tinari was permitted to withdraw from representing Appellant and J. Matthew Wolfe, Esquire, was appointed as appellate counsel.[1] Herein, Appellant raises one issue for our review: "Did the [trial] [c]ourt abuse its discretion in failing to apply the standard of liberally granting presentence motions to withdraw guilty pleas?" Appellant's Brief at 7.

■ Before evaluating the merits of Appellant's issue, we must address a *pro se* filing he submitted to this Court entitled "Petition to Remand for the Appointment of New Counsel." Therein, Appellant alleges that his appellate counsel, Attorney Wolfe, has rendered ineffective representation and asks this Court to remand for the appointment of new counsel. In response, Attorney Wolfe has filed with this Court a "Petition for Remand Due to Appellant's *Pro Se* Motion" pursuant to *Commonwealth v. Ellis*, 534 Pa. 176, 626 A.2d 1137, 1141 (1993) (disapproving of *pro se* filings where the appellant is represented

by counsel), *Commonwealth v. Lawrence*, 408 Pa.Super. 9, 596 A.2d 165 (1991), *abrogated by Commonwealth v. Jette*, —— Pa. ——, 23 A.3d 1032 (2011), and *Commonwealth v. Battle*, 879 A.2d 266, 268–69 (Pa.Super.2005), *abrogated by Jette*, 23 A.3d 1032.

In *Battle*, this Court held that

[w]hen an appellant who is represented by counsel files a *pro se* petition, brief or motion, this Court forwards the document to his counsel. If the brief alleges ineffectiveness of appellate counsel, counsel is required to petition this Court for remand. In the petition for remand, counsel must cite appellant's allegations of ineffectiveness and provide this Court with an evaluation of those claims. This Court will then determine whether or not a remand for appointment of new counsel is required, based on our review of counsel's petition and the record.

*Battle*, 879 A.2d at 268–69 (citations omitted). This practice for the handling of *pro se* filings, referred to as the "*Battle* procedure," was recently rejected in *Jette*. There, our Supreme Court stated that, "the proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion." *Jette*, 23 A.3d at 1044 (citation omitted).

While we acknowledge the new procedure for handling *pro se* filings established in *Jette*, in the instant case we are not

---

1. While not relevant to the instant appeal, we note that in October of 2009, the trial court vacated Appellant's sentence, concluding that it had failed to hold a hearing pursuant to 42 Pa.C.S. § 9727(a) on the issue of whether Appellant was severely mentally disabled and in need of treatment. *See* 42 Pa.C.S. § 9727(a) (requiring that before sentencing a defendant found guilty but mentally ill, the court shall hear testimony and make a finding on the issue of whether the defendant is se-

verely mentally disabled and in need of treatment). The court ordered that Appellant be committed to Norristown State Hospital for a mental health evaluation. On April 20, 2010, based on that evaluation and on other evidence, the court determined that Appellant was severely mentally disabled and in need of treatment. That same day, the court entered a new sentence identical to the original one it imposed, *i.e.* 42 to 84 months' incarceration, and a concurrent ten-year term of probation.

required to refer Appellant's petition to counsel, as Attorney Wolfe has already been made aware of that document and filed a responsive motion addressing Appellant's ineffectiveness claims. As such, we will proceed to evaluating Attorney Wolfe's petition.

Therein, Attorney Wolfe explains each of Appellant's claims of ineffectiveness and concludes that they are meritless. However, he requests that this Court conduct our own evaluation to determine if it is necessary to remand Appellant's case for the trial court to conduct a hearing on these issues. We conclude that remanding for a hearing is inappropriate in light of the fact that this is Appellant's direct appeal. In *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), our Supreme Court held that a defendant "should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id.* at 738. While the Court's subsequent decision in *Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831 (2003), appeared to carve out a limited exception to *Grant* in cases where the trial court holds an evidentiary hearing on the defendant's ineffectiveness claims, *Bomar* is inapplicable to the present case. Here, Appellant did not raise his ineffectiveness claims below and, thus, the trial court did not hold a *Bomar* hearing. Consequently, Appellant must wait to raise the instant ineffectiveness claims in a petition for post-conviction relief pursuant to the Post–Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541–9546. Accordingly, we deny both Appellant's and Attorney Wolfe's petitions to remand this case for a hearing and/or the appointment of new appellate counsel.

 Moving on to the issue Appellant raises on appeal, he contends that the trial court improperly denied his presentence motion to withdraw his guilty but mentally ill plea. First, we note that

[a] decision regarding whether to accept a defendant's pre-sentence motion to withdraw a guilty plea is left to the discretion of the sentencing court. Pennsylvania Rule of Criminal Procedure 591 provides:

> At any time before the imposition of sentence, the court may, ***in its discretion,*** permit, upon motion of the defendant, or direct, *sua sponte,* the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.

 Pa.R.Crim.P. 591(A) (emphasis added).

There is no absolute right to withdraw a guilty plea. *Commonwealth v. Flick,* 802 A.2d 620, 623 (Pa.Super.2002), *citing Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268, 271 (1973). Nevertheless, "prior to the imposition of sentence, a defendant should be permitted to withdraw his plea for 'any fair and just reason,'" provided there is no substantial prejudice to the Commonwealth. *Commonwealth v. Kirsch,* 930 A.2d 1282, 1284–1285 (Pa.Super.2007), *quoting Forbes,* 299 A.2d at 271 (Pa.1973).

We will not disturb the decision of the sentencing court absent an abuse of discretion. An abuse of discretion is not merely an error judgment. *Commonwealth v. Prysock,* 972 A.2d 539, 541 (Pa.Super.2009). Discretion is abused when "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record...." *Prysock,* 972 A.2d at 541, *quoting Commonwealth v. Chambers,* 546 Pa. 370, 685 A.2d 96, 104 (1996).

*Commonwealth v. Broaden,* 980 A.2d 124, 128 (Pa.Super.2009).

In the present case, we conclude that the court did not abuse its discretion in determining that there was no "fair and just" reason to grant Appellant's motion to withdraw his plea. First, as emphasized by the trial court, Appellant seeks to withdraw the *second* guilty plea he entered to the charges of aggravated assault. While in *Forbes*, our Supreme Court held that a mere assertion of innocence constitutes a "fair and just" reason to withdraw a guilty plea, in *Commonwealth v. Iseley*, 419 Pa.Super. 364, 615 A.2d 408 (1992), this Court rejected applying *Forbes* in a case where the plea sought to be withdrawn was a *second or subsequent one. Id.* at 413 (emphasis added). In reaching this conclusion in *Iseley*, we highlighted the fact that the defendant had two opportunities to assert his innocence but, instead, chose to plead guilty after thorough colloquies. *Id.* at 414. We characterized the defendant's delay in asserting his innocence as appearing to be "little other than a self-serving attempt to improperly manipulate the system." *Id.* Lastly, we noted that

> the further delay inherent in allowing any second or subsequent guilty plea to be withdrawn on such dubious grounds is a burden too great for our already overcrowded criminal dockets to bear. Even more importantly, given that the accuracy of any subsequent trial (should the prosecution ever reach that stage) is dependent upon the ever fading memories and increasingly uncertain availibilities of the necessary witnesses, the power to prolong the prosecution could serve as a Sword of Damocles for the

guilty defendant to suspend over the very heart of the trial, the search for truth. This power, we refuse to confer. *Id.* (footnotes omitted).

Our rationale for denying the defendant's attempt to withdraw his second guilty plea in *Iseley* is equally applicable in the present case. Before pleading guilty in June of 2007, Appellant completed both a written and oral guilty plea colloquy. Those colloquies explained to Appellant his right to proceed to trial and the consequences of pleading guilty. At the oral guilty plea colloquy, the court informed Appellant of the elements of the crime of aggravated assault, and the Commonwealth recited the evidence against Appellant. Afterwards, Appellant unequivocally pled guilty to those offenses. Then, in July of 2007, Appellant's counsel moved for his guilty plea to be withdrawn and a guilty but mentally ill plea to be entered. Before accepting Appellant's guilty but mentally ill plea, the court explained the change in his plea and the consequences of pleading guilty but mentally ill. After ascertaining that Appellant understood, the court accepted Appellant's guilty but mentally ill plea. As noted by the trial court, at no time during either of these proceedings did Appellant indicate that he was innocent of these charges or that he did not wish to plead guilty.[2]

Additionally, as in *Iseley*, here, Appellant offered "dubious grounds" for withdrawing his plea. At the hearing on his motion to withdraw, Appellant merely speculated that the Commonwealth possessed a videotape that would exonerate

**2.** Furthermore, the trial court notes that:
October 17, 2007, was the seventh missed date of sentencing following the first plea on May 11, 2007. Before the other open guilty pleas on June 28, 2007, there were no less than twenty listings, at which time the Commonwealth was ready [to proceed to

Appellant's trial] at every single listing except one.
T.C.O. at 6. Thus, Appellant clearly had ample opportunity to claim his innocence or mention the allegedly exculpatory evidence of a videotape.

him. However, he was unable to produce the videotape or even describe what it would depict, other than evidence "to prove that [he's] innocent." N.T. Hearing, 10/17/07. Not only was this basis for withdrawing his plea questionable, but we also conclude that it did not constitute a "clear" assertion of innocence. At no point did Appellant expressly state that he did not commit the offense of aggravated assault. Accordingly, we conclude that the court did not abuse its discretion in determining that no "fair and just" reason existed to permit Appellant to withdraw his guilty but mentally ill plea.

Moreover, we also briefly note our agreement with the trial court that the Commonwealth would be prejudiced if Appellant were permitted to withdraw his plea at this stage. In finding potential prejudice to the Commonwealth, the trial court focused on the difficulty the Commonwealth would face in addressing Appellant's "claim regarding the videotape that allegedly exonerated him." T.C.O. at 6. While we agree, we conclude that the more substantial prejudice posed to the Commonwealth would arise from the length of time that has passed since the commission of the aggravated assault offenses. Those crimes occurred in September of 2005 and December of 2006. *See* N.T. Guilty Plea Hearing, 6/28/07, at 23–24, 28–29. The Commonwealth argues, and we agree, that if Appellant "were permitted to proceed to trial now, after half a decade of delay has degraded the memory of witnesses, the Commonwealth would be irrevocably prejudiced." Commonwealth's Brief at 9 n. 2. *See Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303, 1309 n. 6 (1984) (noting the potential for prejudice to the Commonwealth where eight years had passed since the appellant's guilty plea, as well as the Commonwealth's interest in the finality of the judgment); *Iseley*, 615 A.2d at 414 (finding that per-

mitting withdrawal of a second guilty plea would provide defendant with power to prolong the prosecution, resulting in "ever fading memories and increasingly uncertain availibilities of the necessary witnesses").

In sum, Appellant's speculation that a videotape exists which would exonerate him does not constitute a "fair and just" reason to permit Appellant to withdraw his guilty but mentally ill plea, especially in light of the fact that he twice pled guilty, never expressly asserted his innocence, and prejudice would result to the Commonwealth by permitting such a withdrawal. Therefore, the court did not err in denying Appellant's motion to withdrawal his guilty but mentally ill plea.

Judgment of sentence affirmed.

Judge OLSON concurs in the result.