J-S45011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| QUINZELL REDDICK, | |
| Appellant | No. 485 EDA 2013 |

Appeal from the Judgment of Sentence February 7, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009191-2011

BEFORE: BOWES, WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 11, 2014**

Quinzell Reddick appeals from the aggregate judgment of sentence of twenty-five to fifty years incarceration imposed by the trial court after he entered a guilty plea to third-degree murder, attempted murder, possession of an instrument of crime ("PIC"), and firearms not to be carried without a license. We affirm.

The Commonwealth relayed the following facts at the guilty plea hearing in support of Appellant's plea.

> [O]n January 12th of 2011 at about 11:20 p.m. the defendant was inside a car with the decedent who was driving the car, Correal Combs and Ms. Erica Rosa, who is the front seat passenger. The defendant got out of the back of the car as did Mr. Combs get out [of] the front of the car. The defendant went

_____

[*] Former Justice specially assigned to the Superior Court.

around the back of the car and approached Mr. Combs, pulled out a .45 caliber semi-automatic handgun and started shooting Mr. Combs. Mr. Combs ran down the street, this was 28th Street between Somerset and Lehigh. He was hit multiple times by the defendant.

The defendant proceeded towards Mr. Combs who was running towards Lehigh, but then stopped at the driver's side door and turned and looked at Ms. Rosa who was in the front seat of the car. He then shot through the driver's side window and struck Ms. Rosa. She fled from the car, actually in the same direction of Mr. Combs, towards Lehigh Avenue. She was shot twice in the back, bullets exited her chest. She flagged down a car on Lehigh Avenue, police responded, and she was taken to the hospital where she stayed for weeks but recovered and was eventually released.

The defendant returned to Mr. Combs and shot Mr. Combs while he was down on the ground. Mr. Combs was shot a total of 12 times from his legs through his torso and his neck. He was taken from the scene. He was pronounced [dead] at Temple Hospital. He was then taken to the Office of the Medical Examiner, Doctor Blanchard examined Mr. Combs and found to a reasonable degree of professional medical certainty that Mr. Combs had been shot those 12 times. The manner of death and the cause of death were gunshot wounds and homicide.

The defendant did not have license in the state of Pennsylvania to carry a handgun concealed on his person or in a car.

N.T., 12/12/12, 68-70.

Prior to the Commonwealth setting forth the above-mentioned facts, a jury had been selected to try Appellant and the case was ready to proceed to trial that day. The court thoroughly colloquied Appellant on the record. Appellant also completed a written guilty plea colloquy. The plea agreement reached with the Commonwealth was that it would request a twenty-five to fifty year sentence and drop the first-degree murder charge. The court did

not sentence Appellant that same date at his request, but noted that it would not permit him to withdraw his plea. At sentencing, however, Appellant asked to withdraw his plea. He averred that his plea was coerced by counsel and that he did not understand that the maximum recommended sentence was fifty years. At one point, Appellant asked to be allowed to proceed to trial to maintain his innocence where his plea had been entered based on "blatant coercion by counsel." N.T., 2/7/13, at 10.

The trial court denied Appellant's request and imposed the aforementioned sentence. This appeal ensued. The court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, asserting that his plea was not knowingly, intelligently, and voluntarily entered. The court authored its Pa.R.A.P. 1925(b) opinion, and the matter is now ready for this Court's review. Appellant's sole issue on appeal is "[w]hether the trial court abused its discretion when it denied the appellant's motion for withdrawal of guilty plea, prior to sentencing, disregarding the appellant's claim of innocence." Appellant's brief at 4.

Appellant argues that under **Commonwealth v. Forbes**, 299 A.2d 268 (Pa. 1973), and it progeny, because he sought to withdraw his plea prior to sentencing and asserted his innocence, he is entitled to relief. Appellant, quoting **Commonwealth v. Carrasquillo**, 78 A.3d 1120 (Pa.Super. 2013) *allowance of appeal granted* 86 A.3d 830 (Pa. 2014),

- 3 -

highlights that **Forbes** set forth that a trial court should allow the withdrawal of a plea before sentencing for any fair and just reason absent the prosecution being substantially prejudiced. According to Appellant, in requesting to withdraw his plea, he asserted that he was innocent before the court imposed its sentence. Significantly, he no longer contends in his legal argument that the plea was the product of coercion or confusion.

The Commonwealth begins its reply with a waiver argument. It first maintains that Appellant did not clearly assert his innocence at the sentencing hearing. In this respect, the Commonwealth acknowledges that Appellant at one point did ask to withdraw his plea so as to "allow [him] to maintain [his] innocence and not allow [him] to make a tactical decision under blatant coercion by counsel[.]" N.T., 2/7/13, at 10. However, it posits that this "solitary reference to innocence was thus entirely incidental to the 'coercion' and 'confusion' allegations that provided the basis for his request." Commonwealth's brief at 19. In its view, Appellant's reference to innocence occurred "only once as a rhetorical flourish to the coercion claim[.]" **Id**. at 20.

In addition, the Commonwealth contends that Appellant did not include within his Pa.R.A.P. 1925(b) concise statement a claim that he should be permitted to withdraw his plea based on an assertion of innocence. Rather, according to the Commonwealth, Appellant set forth that his plea was not

knowingly, voluntarily, and intelligently entered and he was coerced into pleading guilty.

With regard to the merits of Appellant's claim, the Commonwealth also disputes that Appellant is entitled to the more liberal withdrawal standard normally associated with pre-sentencing requests. In leveling this aspect of its argument, the Commonwealth posits that, "the more rigorous standard for post-sentence motions applies when sentencing is a mere formality." Commonwealth's brief at 24 (citing **Commonwealth v. Lesko**, 467 A.2d 307, 310 (Pa. 1983)). The Commonwealth argues that because Appellant entered a negotiated plea with an agreed upon sentence, which the court had accepted, the term of his incarceration was already set.[1] Accordingly, it suggests that the post-sentence standard should apply. Under that standard, a defendant must show a manifest injustice would result if he is not permitted to withdraw his plea.

It further highlights that the trial court engaged in a lengthy oral colloquy with Appellant regarding his plea, and Appellant completed a written guilty plea colloquy. These colloquies demonstrate that Appellant knowingly, intelligently, and voluntarily was pleading guilty. Moreover, the Commonwealth points out that, in the post-sentence withdrawal context, a

---

[1] We note that the sentence was not agreed upon, only that the Commonwealth agreed to recommend that sentence.

- 5 -

defendant is bound by statements he makes under oath and cannot attempt to withdraw his plea based on statements that contradict his earlier plea.

The Commonwealth adds that even applying the more liberal pre-sentence withdrawal standard, Appellant did not demonstrate a fair and just reason to withdraw his plea. Relying on ***Commonwealth v. Walker***, 26 A.3d 525 (Pa.Super. 2011), and ***Commonwealth v. Tennison***, 969 A.2d 572 (Pa.Super. 2009), the Commonwealth reiterates that Appellant's one time reference to innocence was not a clear assertion of innocence.

We agree that Appellant waived his issue by not including it within his Rule 1925(b) statement. Appellant's 1925(b) statement reads:

1. Defendant Quinzell Reddick states that his negotiated guilty plea was not given knowingly, intelligently and voluntarily, for the following reasons:

   a. Defendant states that his plea was coerced and that he was confused at the time of the plea.

   b. The defendant's motion to withdraw his plea was made prior to sentencing.

   c. The court committed substantial legal error, unduly prejudicing the defendant by denying the defendant's motion to withdraw his plea and proceed to trial.

   d. The defendant states that he did not understand his sentence as it related to maximum and minimum sentences.

   e. In his Form AOPC 2006, Revision 09-30-2010, Colloquy for Plea of Guilty, the permissible range of sentence section was not listed.

Appellant's Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, 7/8/13.

Thus, it is clear that Appellant did not maintain in his 1925(b) statement that the grounds for which he was seeking to withdraw his plea was an assertion of innocence. Since Appellant abandoned the issues in his Rule 1925(b) statement, he must await collateral review to litigate the merits of his current underlying claim.

Judgment of sentence affirmed.

Justice Fitzgerald Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2014