J-S31034-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICK LAVAR CANNON, | : | |
| | : | |
| Appellant | : | No. 1680 MDA 2015 |

Appeal from the Judgment of Sentence August 26, 2015
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000559-2014

BEFORE: SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED MAY 24, 2016**

Rick Lavar Cannon (Appellant) appeals from the August 26, 2015 judgment of sentence of 50 to 100 years of imprisonment following his guilty pleas to numerous offenses. Counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Upon review, we deny counsel's petition without prejudice, and remand for further proceedings consistent with this memorandum.

Appellant was charged with numerous crimes, including homicide. On July 2, 2015, Appellant entered a negotiated guilty plea containing the following terms: "50 to 100 years with a plea to third degree murder. If called to testify, [Appellant] must be truthful and consistent with prior statements." Trial Court Opinion (TCO), 10/28/2015, at 1. On August 26,

_____
*Retired Senior Judge assigned to the Superior Court.

2015, Appellant appeared for sentencing. At the start of the hearing, Appellant sought to withdraw his plea. The trial court denied the motion and sentenced Appellant pursuant to the terms of the plea agreement.

Appellant timely filed a notice of appeal and both Appellant and the trial court complied with Pa.R.A.P. 1925. In this Court, counsel for Appellant filed both an *Anders* brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

Our Supreme Court has clarified portions of the **Anders** procedure:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel has failed to satisfy these requirements. Although counsel states that her conclusion that this appeal is frivolous followed an examination of the record and all filings in the case, Petition to Withdraw Appearance, 1/21/2016, at ¶ 3, our review of the record reveals the absence of the transcript of Appellant's oral, on-the-record guilty plea colloquy. "Without these notes of testimony, [c]ounsel could not have fulfilled [her] duty to review the record for any non-frivolous issues." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015).

Moreover, the missing transcript is vital to resolution of the issue of arguable merit that counsel has identified. The precise terms of the plea agreement will determine which legal standard was applicable to consideration of Appellant's motion to withdraw his plea. Counsel, the trial court, and Appellant in his response *pro se* to counsel's petition to withdraw, discuss the any-fair-and-just-reason standard applicable to pre-sentence

motions to withdraw open guilty pleas. **Anders** Brief at 7 (citing **Commonwealth v. Walker**, 26 A.3d 525, 529 (Pa. Super. 2011); Trial Court Opinion, 10/28/2015, at 7; Appellant's Response at unnumbered page 1 (citing, *inter alia*, **Commonwealth v. Elia**, 83 A.3d 254 (Pa. Super. 2013) (affirming the grant of a pre-sentence motion to withdraw guilty plea where the defendant claimed "that he felt as if plea counsel had 'bullied' him into taking the plea").

However, if the sentence to be imposed was a negotiated term of the plea agreement, Appellant had the heavier burden of showing manifest injustice regardless of the timing of his motion to withdraw the plea. **See Commonwealth v. Prendes**, 97 A.3d 337, 352 (Pa. Super. 2014) ("If the appellant knows the only possible sentence he can get for the crime to which he pled guilty, then any pre-sentence motion to withdraw the plea is akin to a post-sentence motion to withdraw the plea, and the 'manifest injustice', standard will apply to the pre-sentence motion.").

Thus, without the transcript of the oral plea colloquy, neither counsel nor this Court can satisfy its obligations under **Anders** and its progeny. Accordingly, we deny counsel's petition to withdraw and remand this case for further proceedings consistent with this memorandum.

Upon remand, counsel must obtain the missing sentencing transcript and ensure its inclusion in the certified record.[1] *Flowers*, 113 A.3d at 1251. After review of the entire record, counsel shall file either an advocate's brief or a new petition to withdraw and *Anders* brief that fully complies with the requirements detailed above.

Motion for leave to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.

---

[1] It appears that an oral colloquy happened on July 2, 2015, and that no transcript of the hearing was produced despite its having been requested. *See* TCO, 10/28/2015 at 6 ("The oral colloquy was conducted on July 2, 2015. Th[e trial c]ourt currently does not have the benefit of the oral plea colloquy held, and the [trial c]ourt has requested the transcript be transcribed."); *see also* Commonwealth's Brief at 9-10 (referring to the trial court's "statement of the oral colloquy" rather than citing to a transcript). In the event that a transcript cannot be obtained, the parties shall follow the procedures of Pa.R.A.P. 1923 to produce a statement in absence of transcript.