J-S12010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH ROBERT MARKLE | : | |
| | : | No. 1304 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence July 31, 2017
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000134-2017

BEFORE: LAZARUS, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED MARCH 13, 2018**

Joseph Robert Markle appeals from the judgment of sentence, entered in the Court of Common Pleas of Bradford County, following the denial of his pre-sentence motion to withdraw his guilty plea.[1] After review, we affirm based on the Honorable Maureen T. Beirne's opinion.

On January 24, 2017, Markle was charged with possession of contraband by an inmate, possession of a controlled substance, and possession of drug paraphernalia.[2] On June 1, 2017, Markle pleaded guilty to possession of

_____

[1] Markle's appeal stems from the denial of his pre-sentence motion to withdraw guilty plea. Here, the trial court's denial of his motion acted to finalize the judgment of sentence for purposes of appeal. Therefore, we take the appeal from the judgment of sentence, not the order denying post sentence motion. **_See Commonwealth v. Chamberlain_**, 958 A.2d 395 (Pa. Super. 1995).

contraband by an inmate.[3] Markle completed an extensive written plea colloquy with counsel, an oral colloquy with the court, was advised of the elements of the offense, and the statutory maximum sentence. At his plea hearing, Markle placed facts under oath and on the record to support the plea.

On July 5, 2017, Markle filed a letter to his counsel with the Clerk of Court's Office, in which he stated his desire to withdraw his plea because he believed there was ample evidence to suppress the charges. Counsel subsequently filed a pre-sentence motion to withdraw Markle's guilty plea based on an assertion of actual innocence, and the trial court held a hearing on July 31, 2017. The trial court denied Markle's motion, finding his claim of innocence implausible. The trial court subsequently sentenced Markle to 24 to 60 months' imprisonment.

Markle filed a timely post-sentence motion, which the trial court denied on August 9, 2017. This timely appeal follows. Both Markle and the trial court have complied with Pa.R.A.P. 1925. Markle raises one issue on appeal: "Did the trial court err in denying [Markle's] pre-sentence motion to withdraw his plea of guilty when he asserted a fair and just reason to withdraw the plea and the Commonwealth would not be prejudiced by such [withdrawal]?" Brief of Appellant, at 4.

---

[2] 18 Pa.C.S.A. § 5123(a), 35 P.S. § 780-113(a)(16), and 35 P.S. § 780-113(a)(32), respectively.

[3] Markle pleaded guilty to possession of a contraband by an inmate "for a sentence in the bottom end of the standard range." N.T. Guilty Plea Hearing, 6/1/17, at 1.

"There is no absolute right to withdraw a guilty plea. Nevertheless, prior to the imposition of sentence, a defendant should be permitted to withdraw his plea for any fair and just reason, provided there is no substantial prejudice to the Commonwealth." *Commonwealth v. Walker*, 26 A.3d 525, 529 (Pa. Super. 2011) (citations and quotation marks omitted); *see Commonwealth v. Randolph*, 718 A.2d 1242 (Pa. 1998); *Commonwealth v. Katonka*, 33 A.3d 44 (Pa. Super. 2011) (*en banc*). An assertion of innocence has consistently been held to constitute a fair and just reason to withdraw a plea. *Randolph*, *supra*; *Commonwealth v. Gordy*, 73 A.3d 620 (Pa. Super. 2013). However, a bare assertion of innocence is no longer a fair and just reason permitting a pre-sentence withdrawal of a guilty plea; instead, a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for pre-sentence withdrawal of the plea. Pa.R.Crim.P. 591(A). *See Commonwealth v. Baez*, 169 A3d 35, 39 (Pa. Super. 2017).

Here, the trial court found Markle's claim of innocence incredible and implausible. *See* Trial Court Opinion, 10/27/17, 3-7. During the hearing, Markle asserted that he did not understand the plea agreement, was coerced, and did not realize the length of a potential sentence; the trial court found these arguments to be incongruent with his claim of innocence. The trial court also considered Markle's July 5, 2017 letter to counsel, wherein he stated he believed the trial court should have suppressed evidence/charges against him, but not that he was innocent.

Markle failed to establish a plausible, fair and just reason for withdrawal of his guilty plea. **Walker**, **supra**; **Baez**, **supra**. Therefore, after review of the record, the parties' briefs and relevant case law, we affirm based on Judge Beirne's well-reasoned opinion. In the event of further proceedings, we direct the parties to attach a copy of Judge Beirne's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2018

**COMMONWEALTH OF PENNSYLVANIA: IN THE COURT OF COMMON PLEAS**

vs.                                              : BRADFORD COUNTY, PENNSYLVANIA

**JOSEPH MARKLE**                     : NO.  CP-08-CR-0000134-2017

:   :   :   :   :   :   :   :   :   :   :   :   :   :

## STATEMENT PURSUANT TO PA. R. APP. PROC. RULE 1925(a)

## OF THE PENNSYLVANIARULES OF APPELLATE PROCEDURE

Appellant filed a timely appeal from judgment of sentence.   Appellant was sentenced on July 31, 2017 on the offense of Possession of Contraband by an Inmate, 18 Pa.C.S.A. §5123(a), a felony of the second degree, to a minimum of twenty-four (24) months and a maximum of sixty (60) months.[1]   Appellant further filed a timely Concise Statement of Matters Complained Of pursuant to Pa.R.App.Proc. Rule 1925(b).   Appellant complains that the Court erred in denying his pre-sentence motion to withdraw guilty plea.   Appellant's claim is without merit.

On or about January 24, 2017, Appellant was charged with Possession of Contraband by an Inmate, 18 Pa.C.S.A. §5123(a), a felony of the second degree, Possession of Controlled Substance, 35 P.S. §780-113(a)(16), a misdemeanor, and Possession of Drug Paraphernalia, 35 P.S. §780-113(a)(32), a misdemeanor.   The Affidavit of Probable Cause alleges that a Bradford County Correctional Facility Officer was preparing to send out inmate mail when he felt a lumpy substance inside a letter that was to be sent out for Appellant who was an inmate at the time. The Officer called the Pennsylvania State Police.   Upon Trooper's investigation, suspected drugs were found in the envelope inside a plastic sandwich bag.   Also in the envelope was a handwritten note from Appellant to his girlfriend.   Appellant was interviewed by the Trooper and after being advised of his Miranda rights agreed to speak to the Trooper.   Appellant told

1

---

[1] Appellant was also sentenced on same date in case 08CR0000151-2017 for the offense of  Possession of a Controlled Substance, 35 P.S. 780-113(a)(16)  M , to a minimum of 6 months and a maximum of 12 months.  This sentence was directed to be served consecutively to the 24 month to 60 month sentence.

Trooper when asked about the substance in the plastic bag "what benefit is it to me if I own up to it?" Appellant had been housed in the Restricted Housing Unit with no cell mate. Inmates in said unit are on twenty-three (23) hour lockdown with one (1) hour to shower and exercise. Once an inmate submits outgoing mail, other inmates do not have access to it. The substance tested positive for methamphetamine.

On June 1, 2017, Appellant entered a plea of guilty to the offense of Possession of Contraband by an Inmate as amended, 18 Pa.C.S.A. §5123(a.2), a felony of the second degree. The plea agreement called for a sentence in the "bottom end" of the standard range. N.T. 6/1/17 Plea Hearing, Pg 1. Appellant completed an extensive written plea colloquy with counsel and an additional oral colloquy by the Court. Appellant was advised of the definition of the offense; N.T. 6/1/17 Plea Hearing, Pg 2. Facts to support the plea were placed on the record by Appellant while being questioned by his counsel as follows:

Q. At any time when you were an inmate at Bradford County, did you have in your possession a controlled substance?

A. Yes.

Q. And that would be methamphetamine?

A. Yes.

N.T. 6/1/17 Plea Hearing Pg. 4, lns. 9-14. Further, Appellant was advised of the maximum penalty for said offense and that he could receive same. N.T. 6/1/17 Plea Hearing, Pg. 6, lns. 10-21. Appellant was asked by the Court if he understood that by entering a plea of guilty he was admitting to committing a crime and did he in fact commit the crime to which he was pleading guilty to - he responded yes, he did understand. N.T. 6/1/17 Plea Hearing. Pgs. 6-7. Finally, Appellant acknowledged that he understood and had agreed to the plea agreement as set

2

forth by the Assistant District Attorney at the hearing. N.T. 6/1/17 Plea Hearing. Pg. 7, lns. 6-12. Sentencing was scheduled for July 31, 2017.

On July 5, 2017, Defendant filed a letter to his counsel with the Prothonotary's Office requesting the letter be made of record. In that letter, he requested that his guilty plea be withdrawn because there "is ample evidence to suppress the charges...", "the original drug buys were illegally induced...." and the plea "should be pulled pending the outcome of the triggering action." See Appellant's correspondence filed July 5, 2017. Appellant was referring charges of selling illegal substances that resulted in his being incarcerated and thereafter contraband being found in the envelope he mailed from the jail. His statements in his letter to his counsel do not allege that he is innocent of the offenses. He clearly stated that he believes he has a suppression issue and wishes to have that heard and place the instant case on hold.

A counseled Motion to Withdraw Guilty Plea was also filed wherein Appellant asserted innocence of the underlying charge. The motion also asserted there is "no evidence alleged showing he brought the controlled substances into the jail, interacted with any individual who possessed or delivered controlled substance or was observed placing the controlled substance into the letter. Furthermore, the letter where the alleged controlled substance was found passed between other parties after defendant released it increasing the chance of interference or tampering resulting in controlled substances allegedly being found." See Motion to Withdraw Guilty Plea.

At the hearing on the motion to withdraw, counsel argued that Appellant could not have possessed the contraband in the jail as he was searched multiple times prior to and when he was admitted into the jail; no indication of a log who handled outgoing mail; and that Appellant was in restricted housing not having the same level of access to the jail that would bring him into

3

contact with other inmates where he could have acquired contraband and there is no report that he was engaging in any activity that was odd or unusual suggesting smuggling drugs to the jail. N.T. 7/31/17 on Motion to Withdraw Guilty Plea and Sent. Pg 2. Upon questioning by his counsel, Appellant responded:

Q. And did you take the plea-at the plea hearing for the sake of just accomplishing the plea deal?

A. Yes, cause I was more or less trying to – with the – with the original possession charge.

Q. Okay.

A. I kind of had a misunderstanding even-even though I said yes I understood, that's – a lot of this is confusing to me.

Q. And what did – what was the misunderstanding that you had?

A. That the sentences would be lighter and different and only get up to that much time. I didn't know it was going to be a down-state prison, I've never been to prison in Pennsylvania. N.T. 7/31/2017, Motion to Withdraw Guilty Plea and Sentencing Hearing, Pg. 8

Defendant, on cross examination, when confronted with his statements during the colloquy made at the plea hearing wherein he admitted to possessing methamphetamine in the Bradford County Correctional Facility, stated:

A. I thought we were discussing the simple possession, that I gave to Sayre P.D. when they arrest me, that's the possession that I was talking about. I didn't possess anything at the Bradford County Correctional Facility.

Q. Well you were there to plead guilty to both offenses, were you not?

A. Just to get it over with, sir, yes.

Q. Okay, so you understood what you were being asked, is that correct?

4

A.  Yes.

Q.  All right and you can read and write and understand the English Language?

A.  Yes, I can.

Q.  And isn't it true that really you decided you didn't like the plea agreement?

A.  Not at all.  I thought I was – between the two cases, between here and Mr. Wilson, that it was more of a pressure or coercion to just get it over with and made me feel like I couldn't win anyway, so I was just looking for the easy way out, yes.  But I am innocent.

N.T. 7/31/2017 Motion to Withdraw Guilty Plea Hearing, pgs. 10-11.

In contradiction to Appellant's claim that he thought he was pleading to the simple possession charge from Sayre Police Department, at the plea hearing, defendant also entered a plea to that charge.  During the plea colloquy, Appellant's counsel made it clear by asking during the colloquy about the "other charges, Simple Possession…in Sayre Borough…,"  there was a traffic stop, defendant was searched and a bag of methamphetamine was found.  N.T. 6/1/2017 Plea Hearing, Pg. 4, lns 14-25 – Pg 5, lns 1-5.

Pa.R.Crim.P. 591(A) provides that "at any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." The Supreme Court has held that while a pre-sentence motion to withdraw is to be liberally allowed,

> there is no absolute right to withdraw a guilty plea; trial courts have discretion
> in determining whether a withdrawal request will be granted; such discretion
> is to be administered liberally in favor of the accused; and any demonstration
> by a defendant of a fair-and-just reason will suffice to support a grant, unless
> withdrawal would work substantial prejudice to the Commonwealth.

5

<u>Commonwealth v. Carrasquillo</u>, 631 Pa. 692, 115 A.3d 1284 at 1291-1292 (Pa. 2015).

The <u>Carrasquillo</u> Court, breaking with prior precedent, held that a bare assertion of innocence is no longer a fair and just reason permitting a pre-sentence withdrawal of a guilty plea. Instead, 'a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea.' <u>Id.</u> at 1292. Our High Court outlined that the correct inquiry "on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. <u>Id.</u>

<u>Commonwealth v. Baez</u>, 2017 Pa. Super. LEXIS 604, *7-8.

Appellant argued that the Commonwealth did not call any witnesses to discredit Appellant's assertion that he had been searched and multiple individuals had access to the letter. The Commonwealth had no burden to do so. Appellant has the burden of demonstrating his claim of innocence is at "least plausible", that is he must set forth "some colorable demonstration such that permitting withdrawal of pea would promote fairness and justice." <u>Id.</u> Appellant's own assertions are contradictory in and of themselves rendering his claim of innocence disingenuous and incredible.

Defendant pled guilty at the plea hearing admitting to possessing the methamphetamine; he then wrote a statement that he wanted to withdraw his plea because he believed he had suppression issues – not mentioning any claim of innocence; his counsel filed a motion to withdraw the pela asserting innocence because others had access to the letter, he was stripped searched and he had limited access to other inmates. Appellant testified to this at the hearing to withdraw guilty plea and stated that he was innocent. He also stated that he misunderstood – that he thought the sentences would be lighter and different and did not know it would be served

6

in a state correctional facility.   On cross examination, Appellant, testified that he thought he was pleading to a simple possession charge, that he pled guilty "just to get it over with" and that it was a pressure or coercion.   Yet the extensive plea colloquy clearly indicates that Appellant understood what he was pleading to and the terms of the plea agreement.   N.T. 6/1/17 Plea Hearing.

Further statements made by Appellant that lend towards his incredibility is during a Bail Reduction hearing on June 2, 2017, Appellant stated he "got involved in drugs" and that he "was trying to sell to supplement" his drug use.   N.T. 6/2/17 Bail Reduction Hearing pg 6.   During his presentence investigation interview with the probation office, he stated he never used drugs and that he only began selling methamphetamine for the money.   N.T. 7/31/17 Sent. Hearing. Pg. 18.   Further, his history with the probation department indicated a history of drug use and testing positive for same.   N.T. 7/31/17 Sent Hearing. Pg.  21.

Clearly Appellant believed he had a suppression issues in regards to possession charges that let him to be in the Bradford County Correctional Facility at the time the methamphetamine was found in the letter he was mailing to his girlfriend. Then he began grasping at other potential reasons for withdrawal such as he did not understand, was coerced, did not realize the length of potential sentence.   All Appellant's statements are contradictory and incredible making his claim of innocence far from plausible.

Therefore, this Court did not err in denying the Motion to Withdraw Guilty Plea and the judgment of sentence should be affirmed.

**BY THE COURT:**

Date: October 27, 2017                    /s/Maureen T. Beirne          P. J.

jc·
attn.: Court Administrator

7