J-S02004-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
DAVID WEIDOW :
:
Appellant : No. 1137 MDA 2019

Appeal from the Judgment of Sentence Entered June 5, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000882-2018

BEFORE: BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: FILED MARCH 18, 2020

Appellant, David Weidow, appeals from the judgment of sentence of six months' intermediate punishment ("IP"), imposed following his nolo contendere plea for driving under the influence of a controlled substance ("DUI"), 75 Pa.C.S. § 3802. Appellant claims that his nolo contendere plea was deficient, and that the trial court erred when it denied his ostensible attempt to withdraw his plea prior to sentencing. Additionally, his counsel, Donna M. De Vita, Esq., seeks to withdraw her representation of Appellant pursuant to Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

In the early morning of October 13, 2017, police officers from the Dunmore Police Department responded to a report of an accident where a Red

Kia had struck and severed a utility pole at its base. Affidavit of Probable Cause, 3/19/18, at 1. The Red Kia left the scene prior to the arrival of police. Id. However, soon after they arrived, the officers observed a damaged red Kia return to the scene of the accident. Id. Appellant emerged from the vehicle and took responsibility for the accident, telling the officers that the pole "had jumped out in front of him." Id.

The police observed that Appellant "was having a hard time standing up." Id. He denied being intoxicated on alcohol or "any type of narcotic," but advised the officers that he "had recently taken Ambien to help him sleep." Id. During this discussion with the officers, Appellant "kept dozing off and had to be woken up several times...." Id. He was "very incoherent and was barely able to speak or keep his eyes open." Id.

The officers transported Appellant to a local hospital where he consented to drug and alcohol testing. Id. Blood tests revealed that, "at the time of the crash[, Appellant] had 342 ng/mL [of] Zolpidem in his system. Id. "Peak [p]lasma following a single oral dose should show 121 ng/mL at its highest level[,]" thus, these results demonstrated that the prescribed dosage was exceeded by a factor of 3. Id. The Commonwealth subsequently charged Appellant with one count of DUI. Id.

On March 14, 2019, Appellant pled nolo contendere to DUI at CP-35-CR-0000882-2018 ("CP-882"). On the same day, he also pled guilty to unrelated charges at CP-35-CR-0000880-2018 (false reports and related charges) ("CP-880") and CP-35-CR-0000881-2018 (bad checks and related

charges) ("CP-881"). Appellant completed both written and oral plea colloquies. Nolo Contendere Plea Colloquy ("NCPC"), 3/14/19, at 1-3; N.T., 3/14/19, at 2-5. Sentencing was then scheduled for June 5, 2019.

At the sentencing hearing, Appellant presented an oral motion to withdraw his nolo contendere plea, and asked to proceed to trial with a new attorney. N.T., 3/14/19, at 2. When asked to describe the basis for withdrawing the plea, Appellant explained only that he was not guilty of the bad checks charge. Id. at 3-4, 6-7. He did not proffer any reason for withdrawing his DUI plea. The trial court denied the motion, and proceeded to sentence Appellant to 6 months' probation at CP-880, a consecutive term of 6 months' probation at CP-881, and to 6 months' IP at CP-882, concurrent to the sentences imposed at CP-880 and CP-881.

Appellant filed a pro se notice of appeal on July 5, 2019. He filed a timely, court-ordered, and counseled Pa.R.A.P. 1925(b) statement on September 4, 2019. The trial court issued its Rule 1925(a) opinion on October 1, 2019. In the Anders brief before us, Appellant's counsel presents the following statement of the questions involved:

> A. Whether the nolo contendere plea was deficient when it failed to provide on the record the following inquiry:
>
>> (1) Whether ... Appellant understands the nature of the charges to which he was pleading nolo contendere?
>>
>> (2) Whether [there is] a factual basis for the plea?
>>
>> (3) Whether ... Appellant understands that he had the right to trial by jury?

(4) Whether … Appellant understands that he was presumed innocent until found guilty?

(5) Whether … Appellant is aware of the permissible range of sentence and/or fine for the DUI offense charged?

B. Whether the trial court erred when it denied Appellant's pre-sentence request to withdraw his nolo contendere plea?

Anders Brief at 4.

This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by the appellant. Commonwealth v. Goodwin, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc).

Prior to withdrawing as counsel on a direct appeal under Anders, counsel must file a brief that meets the requirements established by our Supreme Court in Santiago. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361. Counsel also must provide a copy of the Anders brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the Anders brief." Commonwealth v. Nischan, 928 A.2d 349, 353 (Pa. Super. 2007)….

Commonwealth v. Orellana, 86 A.3d 877, 879–80 (Pa. Super. 2014)

(cleaned up). After determining that counsel has satisfied these technical

requirements of Anders and Santiago, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." Commonwealth v. Flowers, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In the case sub judice, Attorney De Vita's Anders brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's claims, and she sets forth her conclusion that Appellant's appeal is frivolous. She also explains her reasons for reaching that determination, and supports her rationale with citations to the record and pertinent legal authority. Attorney De Vita also states in her petition to withdraw that she supplied Appellant with a copy of her Anders brief. Additionally, she attached a letter directed to Appellant to her petition to withdraw, in which she informed him of the rights enumerated in Nischan. Accordingly, counsel complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal. For ease of disposition, we address Appellant's issues in reverse order.

"There is no absolute right to withdraw a guilty plea. Nevertheless, prior to the imposition of sentence, a defendant should be permitted to withdraw his plea for any fair and just reason, provided there is no substantial prejudice to the Commonwealth." Commonwealth v. Walker, 26 A.3d 525, 529 (Pa.

Super. 2011) (citations and quotation marks omitted); see also Commonwealth v. Randolph, 718 A.2d 1242 (Pa. 1998); Commonwealth v. Katonka, 33 A.3d 44 (Pa. Super. 2011) (en banc). An assertion of innocence has consistently been held to constitute a fair and just reason to withdraw a plea. Randolph, supra; Commonwealth v. Gordy, 73 A.3d 620 (Pa. Super. 2013). However, a bare assertion of innocence is no longer a fair and just reason permitting a pre-sentence withdrawal of a guilty plea; instead, a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for pre-sentence withdrawal of the plea. Pa.R.Crim.P. 591(A); see also Commonwealth v. Baez, 169 A.3d 35, 39 (Pa. Super. 2017).

Instantly, although Appellant orally motioned to withdraw his guilty plea at the sentencing hearing and prior to the imposition of sentence, at no time did he assert his innocence as to the DUI charge at CP-882. Appellant's arguments at the sentencing hearing in support of his motion to withdraw his plea exclusively concerned his nolo contendere plea to the bad checks charge at CP-881:

> At the time that [Appellant] … pled nolo contendere, he took responsibility for committing the crime, both in the written plea colloquy, and in testimony before the court. He also agreed that he was admitting that the Commonwealth had enough evidence to convict him if he went to trial. At the time of sentencing, he generally asserted that he was not guilty, but when the court questioned him, [he] acknowledged that had written a bad check and did not assert his innocence in the DUI case at all. … It was thus not in error for the court to deny his motion to withdraw his nolo contendere plea.

- 6 -

Trial Court Opinion, 10/1/19, at 6 (citations omitted).

We agree with the trial court's analysis. Appellant never asserted his innocence to the DUI charge when motioning to withdraw his nolo contendere plea.[1] Accordingly, the trial court clearly did not err when it denied that motion with respect to the plea entered at CP-882. As such, we agree with Attorney De Vita that this claim is frivolous.

Next, we consider whether Appellant has a colorable claim that his nolo contendere plea colloquy at CP-882 was deficient.

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."
>
> Commonwealth v. Pollard, 832 A.2d 517, 522 (Pa. Super. 2003) (citations and quotation marks omitted).

---

[1] Appellant did proffer such an argument in his pro se notice of appeal. See Pro Se Notice of Appeal, 7/5/19. Although Appellant is entitled to have his pro se notice of appeal trigger his direct appeal, despite being represented by counsel, he is not otherwise entitled to hybrid representation. Accordingly, we disregard the aspects of Appellant's pro se notice of appeal pertaining to the merits of his claim. In any event, the reasons set forth in Appellant's pro se notice of appeal were proffered long after his motion to withdraw his nolo contendere plea was denied by the trial court. As such, those claims are waived.

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> 2) Is there a factual basis for the plea?
>
> 3) Does the defendant understand that he or she has the right to a trial by jury?
>
> 4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> 5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?
>
> 6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Commonwealth v. Bedell, 954 A.2d 1209, 1212 (Pa. Super. 2008).

> "The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences." Commonwealth v. Lewis, 708 A.2d 497, 501 (Pa. Super. 1998). "Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." Commonwealth v. Stork, 737 A.2d 789, 790 (Pa. Super. 1999) (citation and internal brackets omitted). "In determining whether a guilty plea was entered knowingly and voluntarily, … a court is free to consider the totality of the circumstances surrounding the plea." Commonwealth v. Flanagan, 578 Pa. 587, 854 A.2d 489, 513 (2004) (citation and internal quotation marks omitted). Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings. Commonwealth v. Morrison, 878 A.2d 102, 108 (Pa. Super. 2005).

Bedell, 954 A.2d at 1212–13.

Appellant first argues that he did not understand the nature of the charges to which he pled nolo contendere, or the factual basis for the plea.

However, the written plea colloquy belies this claim. Therein, Appellant acknowledged the nature of the charges against him. See NCPC at 1 ¶ 6 (asking, "List the charges that you are entering a nolo contendere plea to?" Appellant responded, in his own handwriting, "DUI Tier 3 first offense"). When asked if he understood the factual basis for the plea, Appellant, in his own handwriting, referenced the criminal information. Id. at 3 ¶ 23. In the criminal information, the Commonwealth clearly set forth a summary of the facts it intended to prove at trial, which dovetail with the facts set forth in the affidavit of probable cause referenced above. See Criminal Information, 5/29/18, at 1. Thus, we ascertain no deficiencies regarding Appellant's understanding of the nature of the charges against him and the factual basis for his plea. Although the oral colloquy was not as thorough as the written colloquy in this regard, the written colloquy sufficiently demonstrated that Appellant was aware of the nature of the pled-to charge and the factual basis for it.

Next, Appellant claims he did not understand that he had the right to a jury trial and, relatedly, that he was entitled to the presumption of innocence if he went to trial. This claim is also belied by the record. On the written plea colloquy, Appellant was asked the following question:

> Do you understand that even though you are guilty or may be guilty you are presumed to be innocent and have the right to go to trial either before a judge or a jury of 12 individuals and the Commonwealth must prove to each and every juror or the judge that you are guilty beyond a reasonable doubt?

NCPC at 2 ¶ 11. He responded, "yes." Id. Additionally, the trial court reiterated Appellant's right to a jury trial during the oral plea colloquy. See N.T., 3/14/19, at 3. Accordingly, we ascertain no deficiencies in the colloquies with regard to Appellant's understanding of his right to a jury trial and the presumption of innocence.

Finally, Appellant claims that the colloquies were deficient regarding his understanding of the permissible range of sentences and fines for the DUI offense to which he was pleading nolo contendere. However, Appellant wrote out, in his own handwriting, the maximum possible sentence, the maximum fine, the mandatory minimum sentence, as well as the civil sanction (license suspension) for his DUI offense in the written plea colloquy. NCPC at 2 ¶ 19, 21. During the oral colloquy, the trial court did not give a breakdown for each specific offense, but it did inform Appellant of the maximum fines and sentences Appellant was facing in aggregate. N.T., 3/14/19, at 4. Nevertheless, immediately prior, the Commonwealth stated on the record the maximum possible sentence, the maximum fine, the mandatory minimum sentence, as well as the civil sanction to which Appellant was exposed if convicted of the DUI offense. Id. at 2. Accordingly, we ascertain no deficiencies in the colloquies with regard to Appellant's understanding of the permissible range of sentences and fines for the DUI offense to which he was pleading nolo contendere.

In sum, we cannot identify any deficiencies in the written and oral nolo contendere plea colloquies that suggest that Appellant's plea was not

knowingly, voluntarily and intelligently entered. Moreover, after an independent review of the record, we cannot discern any additional, non-frivolous issues overlooked by counsel. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2020